UNITED STATES OF AMERICA,

        Appellee,

  - versus -

SCHNAIDER CESAR, ET AL.,

        Appellants.

_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR A SECOND 30-DAY EXTENSION OF TIME TO FILE ANSWER BRIEF

The United States of America, pursuant to Federal Rules of Appellate Procedure 26 and 31, and Eleventh Circuit Rules 26-1, 27-1, and 31-2, respectfully requests a second 30-day extension of time, through July 6, 2026,[1] to file its answer brief, which is currently due on June 5, 2026.

A Southern District of Florida grand jury charged Oscar Baden Burns ("Burns") and Schnaider Cesar ("Cesar," collectively "Defendants") with carjacking, in violation of 18 U.S.C. §§ 2 and 2119(1) (Count 1), and Burns with knowingly carrying, possessing, and brandishing a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)

---

[1] Because the 30th day falls on Sunday, July 5, 2026, the 30-day period runs until Monday, July 6, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

(Count 2) (Docket Entry ("DE") 1). After a three-day trial, a jury found Defendants guilty as charged (DE 193; DE 194). The district court sentenced Cesar to 87 months imprisonment, three years of supervised release, and a $100 assessment (DE 232) and Burns to 420 months imprisonment, five years of supervised release as to Courts 1 and 2, to run concurrently, and a $200 assessment (DE 254). Additionally, the district court held Defendants and a third conspirator jointly and severally liable for $30,685.14 in restitution (DE 232:6-7; DE 243:6-7; DE 254:6-7). Defendants timely appealed (DE 242; DE 244).

In this direct appeal, Defendants raise four issues: Burns argues that (1) the district court abused its discretion when it allowed government witnesses to provide purportedly unqualified expert opinions on the ability to lift fingerprints and DNA from a burnt car; (2) the district court abused its discretion when it prevented the defense from rehabilitating the credibility of a defense witness after the government purportedly attacked the witness's credibility; (3) the government did not present sufficient evidence at trial to convict Burns of Counts 1 and 2 beyond a reasonable doubt; and Cesar asserts that (4) the district court abused its discretion when it admitted evidence of his prior conviction for fleeing and evading police, in violation of Federal Rule of Evidence 404(b). *See* Burns' Brief 24-61; Cesar's Brief 7-10.

On April 22, 2026, this Court granted the United States an over-the-phone 30-day extension of time, through June 5, 2026, to file its answering brief. The

United States respectfully requests a second 30-day extension of time for several reasons.

First, despite undersigned counsel's best efforts, the United States has not yet been able to obtain copies of the full trial transcripts. Although the court reporter filed the corrected trial transcripts in December 2025 (DEs 276-79), she has not given undersigned counsel access to these transcripts on PACER. Undersigned counsel's legal assistant has reached out to the court reporter requesting copies of these transcripts numerous times, with no response. Neither Defendant provided copies of the full transcripts in their Appendices (*see* 11th Cir. DEs 31, 33). Undersigned counsel emailed Burns' counsel, Mr. Simon Patrick Dray, on May 11, 2026, and Cesar's counsel, Mr. David A. Donet, Jr., on May 13, 2026, requesting copies of the full transcripts. Mr. Dray claimed this Court's rules or court-reporter guidelines prevent him from providing undersigned counsel copies of the full transcripts. Undersigned counsel is continuing to request the full transcripts from the court reporter.

Second, this appeal raises four issues stemming from a three-day jury trial that require careful examination of the record, especially the trial transcripts, and governing case law. Because undersigned counsel was not involved in the case at the district court level, she will need additional time to ensure that her brief to this

Court adequately identifies the relevant portions of the record and controlling legal authorities.

Third, the requested extension would allow time for completion of the internal review process required before the government's brief may be filed.

Fourth, Mr. Dray and Mr. Donet each sought and received 30-day extensions of time to file their opening briefs (11th Cir. DEs 26-27). And Mr. Donet sought an additional 45-day extension, which the United States did not oppose and this Court granted, affording him a total extension of 75 days to file his opening brief (11th Cir. DEs 28, 30).

The government has conferred with Mr. Dray and Mr. Donet who do not oppose the United States' second 30-day extension, through July 6, 2026, to file its brief.

This motion is not filed for purposes of delay but rather to ensure a thorough and complete response to the complex issues raised in Defendants' briefs.

WHEREFORE, the United States of America respectfully requests an additional 30-day extension of time, through July 6, 2026, in which to file its answer brief.

Respectfully submitted,

Jason A. Reding Quiñones
United States Attorney

By: */s/ Tatiana G. Pino*
Tatiana G. Pino
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9172
Tatiana.G.Pino@usdoj.gov

George E. Doty III
Chief, Appellate Division

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1) of the Eleventh Circuit Rules, I hereby certify that this motion complies with the type-volume limitation applicable to motions under Rule 27(d)(2)(A), because this motion contains 791 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion for extension of time was electronically filed with this Court and served on all counsel of record via CM/ECF on May 13, 2026.

_/s/ Tatiana G. Pino_
Tatiana G. Pino
Assistant United States Attorney